# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 5:13-cr-089-01-FDW-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CORTEZ LAMAR ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's Motion to Reconsider Sentence (Doc. No. 43). The United States filed a response, (Doc. No. 44), to Defendant's motion, and this matter is now ripe for review. For the reasons that follow, the Court DENIES Defendant's Motion to Reconsider Sentence (Doc. No. 43).

## I. BACKGROUND

On February 3, 2015, Defendant was sentenced to forty-seven months of imprisonment followed by a three-year term of supervised release for violating 18 U.S.C. § 922(g)(1). (Doc. No. 44, p. 1). Defendant's supervision commenced on March 27, 2017, and on April 28, 2017, Defendant committed a new law violation. (Doc. No. 44, p. 1). Defendant pled guilty to the state felony of Flee/Elude Arrest with Moving Vehicle and was sentenced to fifty-eight to eighty-two months of imprisonment followed by a term of supervision. (Doc. No. 44, p. 1). This Court revoked Defendant's supervised release because he admitted to committing a state felony and subsequently sentenced Defendant to the statutory maximum of twenty-four months of incarceration as agreed to by the parties. (Doc. No. 43, p. 2). Because of Defendant's criminal history category of VI and the circumstances of the offense, the Court imposed a term of twelve months Supervised Release following Defendant's incarceration. (Doc. No. 44, p. 2).

1

II.     ANALYSIS

Defendant's Motion to Reconsider Sentence is based solely on the assertion that the "imposition of an additional term of supervised release, after the imposition of the 24 month maximum sentence, violates Section 650.50 of the Administrative Office's Guide to Judiciary Policy." (Doc. No. 43, p. 2). Defendant claims the imposition of an additional term of supervised release is only permitted "when the prison time imposed for the current violation . . . is less than the maximum prison term set forth at 18 U.S.C. 3583(e)(3)" according to Volume 8E, § 650.5 of the *Guide to Judiciary Policy*, and therefore, because Defendant received the statutory maximum prison term, any additional sentence was inappropriate. (Doc. No. 43, pp. 2 – 3).

Defendant's argument fails for two reasons. First, the stated purpose of the *Guide to Judiciary Policy* ("*Guide*") Volume 8E found in § 110 is to "provide[] guidance to U.S. *probation offices* on the supervision of persons who are conditionally released to the community by the U.S. district courts . . . ." (emphasis added). Section 120 of Volume 8E further delineates the scope of the *Guide* by stating "[t]he guidance in this part applies to employees of the U.S. probation and pretrial services system in U.S. district courts in performance of their duties." This Court is neither a "probation office" nor a "pretrial services system" as outlined in Volume 8E, Section 120 of the *Guide*. Furthermore, the *Guide* has been characterized as "non-binding guidance" on federal district court judges. Leong v. Goldman Sachs Group Inc., 2016 WL 1736164, at *5 (S.D.N.Y. May 2, 2016). Therefore, this Court finds that the guidance in Volume 8E of the *Guide* is not binding on this Court's decisions.

Second, Defendant mischaracterizes Volume 8E, Subsection (d) of § 650.50 of the *Guide* by stating in his motion that this section mandates that "*Judges* 'should not recommend a new term of supervised release . . . .'" (Doc. No. 43, p. 2) (quoting *Guide to Judiciary Policy*, § 650.50,

Subsection (d)) (emphasis added). Defendant conveniently omits the fact that Volume 8E, Subsection (d) of § 650.50 of the *Guide* clearly states that "*officers* should not generally recommend a new term of supervised release . . ." so as to imply that *judges* are bound by the *Guide*. (Doc. No. 43-1, p. 1) (emphasis added). Because the introductory portion of Volume 8E, Section 110 of the *Guide* states the section applies to probation *officers*, this Court is unpersuaded that "*officer*" as used in the subsequent § 650.50, Subsection (d) refers to *judges*, as Defendant implies. However, assuming *arguendo* that § 650.50 Subsection (d) does apply to judges, this subsection does not mandate an absolute proscription on the imposition of additional supervised release but rather advises that "officers should generally not recommend" an additional term of supervised release. This Court does not *recommend* sentences, it *imposes* sentences. Therefore, Defendant's argument is without merit.

III. CONCLUSION

IT IS THEREFORE ordered that Defendant's Motion to Reconsider Sentence (Doc. No. 43) is DENIED.

IT IS SO ORDERED.

Signed: May 14, 2019

*[signature]*

Frank D. Whitney
Chief United States District Judge

3